UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 18-02195JVS(DFMx)** | Date | February 7, 2019 |
| Title | **Denise Pinkerton, etc. v. New Body MD LLC, et al** | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Granting Plaintiff's Motion to Remand**

Plaintiff Denise Pinkerton ("Plaintiff"), an individual as attorney in fact for Roger D. Root, individually and as successor in interest to the claims of his deceased spouse Sharon K. Root, filed a complaint in the California Superior Court for the County of Orange ("OCSC") against New Body MD LLC, et al. ("New Body"). (Docket No. 1 at 5). One named defendant, Joseph R. Porche ("Porche"), who is currently incarcerated in Oregon, removed the case to this Court on the basis of diversity jurisdiction. (Docket No. 1). Plaintiff now moves to remand the case. (Docket No. 10). Porche does not contest that remand is appropriate. (Docket No. 14).

For the following reasons, the Court **GRANTS** the motion.

**I.    Background**

On September 28, 2018, Plaintiff filed her complaint against New Body in the OCSC alleging various contract, tort, and statutory violations. (Docket No. 1 at 5). On December 11, 2018, Porche removed the case to this Court on the basis of diversity jurisdiction. (Docket No. 1). However, Porche did not obtain consent to removal from all defendants, and he did not file notice of the removal with the OCSC. Id.

Porche moved to dismiss Plaintiff's claims, based in part on statute of limitations, lack of standing, and uncertainty. (Docket No. 2). Plaintiff subsequently dismissed Porche from the State case. (Docket No. 10-5). As a result, Porche has indicated he does not wish to pursue his motion to dismiss. (Docket No. 7).

Plaintiff now moves to remand the case. (Docket No. 10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  **SACV 18-02195JVS(DFMx)**  Date  February 7, 2019

Title  **Denise Pinkerton, etc.  v.  New Body MD LLC, et al**

## II.  Legal Standard

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Subject-matter jurisdiction is proper in federal courts in all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and in diversity cases, 28 U.S.C. § 1332.

A defendant may remove a civil action filed in State court to federal court if federal jurisdiction would have originally been proper there. 28 U.S.C. § 1441(a); see also City of Chicago v. Int'l College of Surgeons, 522 U.S. 56, 163 (1997). However, it is presumed that a cause lies outside the federal courts' limited jurisdiction, and it is the removing party's burden to establish the contrary. Kokkenon, 511 U.S. at 377. Thus, in considering motions to remand, courts must "strictly construe the removal statute against removal jurisdiction," and resolve "any doubt as to the right of removal" in favor of remanding the case to State court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).

## III.  Discussion

Plaintiff argues that the case should be remanded for four reasons: (1) Porche has been dismissed from the case, and thus lacks standing; (2) the question is moot because Porche has been dismissed from the State case; (3) Porche failed to obtain consent from all co-defendants as to the removal of this case; and (4) Porche failed to notice the OCSC of removal.

### A.  Removal was procedurally defective.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants . . . file a copy of the notice with the clerk of

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 18-02195JVS(DFMx)**  Date February 7, 2019

Title **Denise Pinkerton, etc. v. New Body MD LLC, et al**

such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Plaintiff's motion to remand based on procedural defects is timely. Porche removed the case on December 11, 2018, and Plaintiff filed this motion on January 10, 2019, thirty days after removal.

Porche concedes he has not obtained consent to the removal of this action from all defendants. Further, while Porche claims he attempted to notice the State court as to the removal of this case, such notice was never filed with the State court. Porche has failed to comply with the procedural requirements of § 1446.

Because the Court finds procedural defects in the removal of this case warrant remand, the Court needs not address Plaintiff's standing or mootness arguments.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to remand. The Court finds that oral argument would not be helpful in this matter and **VACATES** the hearing scheduled for February 11, 2019 at 1:30 p.m. Fed. R. Civ. P. 78; Local Rule 7-15.

IT IS SO ORDERED.

: 00

Initials of Preparer  kjt